IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:08-479-CMC |
|---|---|
| v. | |
| Jimmy R. Dean, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. ECF No. 184. The Government filed a response in opposition and a motion to dismiss. ECF No. 189, 190. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the appropriate procedure and the consequences if he failed to respond. ECF No. 191. Defendant filed a response in opposition to the Government's motion. ECF No. 193.

Defendant argues "his sentence is excessive in light of the crime(s) committed, and seeks to have his sentence modified based upon the Supreme Court's rationale" in *Dean v. United States*, 581 U.S. ___, 137 S. Ct. 1170 (2017). ECF No. 184. Defendant argues his sentence "almost exactly mirrors the sentence handed down in the *Dean* case," and therefore is excessive, and he should be considered for a sentence modification.

The Government argues Defendant waived his right to seek relief under § 2255 in his plea agreement, and therefore his motion is barred and should be dismissed. ECF No. 190. It also argues Defendant's motion is untimely under § 2255(f). *Id.* In response, Defendant argues enforcing the waiver would be unconscionable, and his motion is timely due to a change in law by

the Supreme Court in *Dean*. ECF No. 193. Further, he contends the court "can reconsider his sentence based on the sentencing factors contained in Section 3553." *Id.* at 2.

*Dean* held a district court can structure a sentence on multiple counts by considering the sentence on one count in light of sentences imposed on other counts, and may consider the § 3553(a) factors in determining the sentence for each individual count. 137 S. Ct. at 1176. However, the Supreme Court has not held *Dean* to be retroactively available to cases on collateral review. Therefore, Defendant cannot avail himself of its holding to reduce his sentence.

In addition, Defendant's motion is untimely. A 1-year period of limitation applies to motions under § 2255.

> The limitation period shall run from the latest of--
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). As noted by the Government, Defendant did not bring his § 2255 motion within a year of the judgment of conviction becoming final: the Judgment was entered on the record on May 27, 2009, and Defendant did not appeal. Defendant alleges no facts showing (f)(2) or (4) applies. He does argue his claim is timely under (f)(3), because of the change in law by the Supreme Court in *Dean*. However, as mentioned above, any right made available by *Dean* has not

2

been made retroactively available to cases on collateral review. Therefore, (f)(3) does not apply to Defendant's case, and his § 2255 motion is untimely.[1]

Defendant's motion is time-barred.[2] Accordingly, the Government's motion to dismiss is granted, and Defendant's § 2255 motion is hereby **dismissed**.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

---

[1] Defendant also argues the court can reconsider his sentence based on the § 3553 factors, because it has the "inherent authority to review the matter through the exercise of its judicial powers in the 'interests of justice.'" ECF No. 193 at 2. However, while the court commends Defendant for his programming in the BOP, the court cannot jacks jurisdiction to modify his sentence.

[2] While the Government also argued Defendant's motion was barred by the waiver in his plea agreement, the court need not reach this issue.

3

**IT IS SO ORDERED**.

                                                    s/ Cameron McGowan Currie
                                                    CAMERON MCGOWAN CURRIE
                                                    Senior United States District Judge

Columbia, South Carolina
October 13, 2017