IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:08-479-CMC |
|---|---|
| v. | |
| Jimmy R. Dean, | **Opinion and Order** |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion for reconsideration of the court's denial of his motion under 28 U.S.C. § 2255. ECF No. 197. In his motion, Defendant argues there are genuine issues of material fact that should have precluded summary judgment on his § 2255 motion; the Supreme Court did not hold its case *Dean v. United States*, 581 U.S. ___, 137 S. Ct. 1170 (2017) to be prospective only, and therefore it can be applied retroactively; and the denial of the right to appeal was in error because there is a reasonable chance he could prevail on appeal. *Id.* The Government has filed no response.

Defendant's current motion to reconsider is governed by Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant's motion for reconsideration addresses none of these available avenues for amendment of an earlier judgment. Instead, he reargues his position on summary judgment, making two main arguments already asserted in his response to the Government's summary judgment motion (*see* ECF No. 193). Defendant argues in this motion the court has the inherent authority to modify his sentence based on his conduct in the BOP "to allow the Court to consider the sentencing factors under Section 3553, as provide[d] for by law." ECF No. 197. Defendant also argues *Dean* "does not suggest it is not retroactive and that decision should be made by the court of Appeals." *Id.*

Despite Defendant's argument, the court does not have the authority to modify a sentence based solely on rehabilitative conduct at the BOP. Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c). The court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, including "extraordinary and compelling reasons;" (2) upon motion of the government for substantial assistance; or (3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. *Id.* None of these provisions apply to Defendant's request.

Apart from 18 U.S.C. § 3582, a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by Rule 35(a) or 18 U.S.C. § 3742.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. *See* Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally

2

announced on May 13, 2009[1], and, accordingly, the deadline for any action by the court on a Rule 35(a) motion is past. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant did not appeal his conviction or sentence. Therefore, the court does not have jurisdiction to modify Defendant's sentence.

Defendant's argument regarding *Dean* is similarly misplaced. *Dean's* holding has not been declared retroactively available to cases on collateral review, and therefore does not provide an avenue for Defendant to challenge his sentence. *See* 28 U.S.C. § 2255(f)(1),(3) (stating the statute of limitations for challenges under § 2255 is one year after the judgment of conviction becomes final or one year after "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ."). Although Defendant argues the Supreme Court did not make *Dean* prospective only, that is not the inquiry required to satisfy § 2255(f)(3). Defendant fails to point to any authority supporting his position, in contrast to the court's holding *Dean* has not been held retroactive (*see* ECF No. 194). Therefore, Defendant cannot utilize § 2255(f)(3) to render his § 2255 motion timely.

---

[1] Defendant had an Amended Judgment entered September 28, 2010. Regardless, he is well past the date for a Rule 35(a) correction.

For the reasons above, Defendant's motion for reconsideration is denied.[2]

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
December 13, 2017

---

[2] Defendant also argues briefly "the denial of the right to appeal was in error based on the fact that there is a 'reasonable' chance, that the Defendant could prevail on appeal." However, as noted in the order on Defendant's § 2255 motion, the standard for a certificate of appealability has not been met.